PARK AMUSEMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16921. Promulgated May 16, 1929.

*Meyer Bernstein, Esq.,* for the petitioner.
*J. Arthur Adams, Esq.,* for the respondent.

**OPINION.**

PHILLIPS: The first claim made by the petitioner is that it is entitled to classification as a personal service corporation. While the fact that petitioner had substantial profits may be due to efficient management on the part of its stockholders, it seems clear that the income is not to be ascribed primarily to their activities. *Newam Theatre Corporation*, 1 B. T. A. 887; *William Morris Enterprises, Inc.*, 1 B. T. A. 946. Furthermore, the record discloses that a substantial block of stock was held by the estate of a decedent, which could render no personal service, and by a corporation, B. F. Keith Theatre Co. The testimony, which was taken by deposition, is very unsatisfactory with respect to the services rendered by the stockholders. One witness states that certain of the stockholders " were active in the management of the theatre " while another " was consulted in regard to the management and operation of the theatre." The testimony is that the B. F. Keith Theatre Co., " through its officers, cooperated in the booking of the house," while the estate of Samuel F. Nirdlinger " was active in the management through one of the Executors." The duties performed are described as " executive and managerial." Such evidence is insufficient to justify the conclusion that the principal stockholders were " regularly engaged in the active conduct of the affairs of the corporation." *G. F. Cotter*

*Supply Co.*, 1 B. T. A. 1108; *Hanley-Ried & Co.*, 2 B. T. A. 315; *Matteson Co.* v. *Willcuts*, 12 Fed (2d) 447. The petitioner is not entitled to be classified as a personal service corporation.

It should be pointed out that the provisions of the Revenue Act of 1918 (section 200) are materially different from those of the Revenue Act of 1917 which the Court had before it in *Park Amusement Co.* v. *McCaughn*, 14 Fed. (2d) 553.

The petitioner urges, in the alternative, that it falls within section 327(d) of the Revenue Act of 1918 and is entitled to have its tax computed under section 328. To be successful petitioner is required to establish that there were abnormal conditions affecting its capital or income. The capital invested was small because petitioner conducted a cash business in leased premises, had no inventory and had need of little capital. While petitioner appears to have earned a high rate of profit upon the capital invested, the statute expressly excludes this as ground from granting relief under section 328. The record discloses no abnormality in either capital or income.

The third contention urged by the petitioner is that the Commissioner committed error in asserting against the petitioner the entire tax computed upon the combined net incomes of the petitioner and the Liberty Theatre Co. for 1920, instead of asserting such deficiency against the two corporations upon the basis of the net income properly assignable to each as provided in section 240(a) of the Revenue Act of 1918. The position of petitioner is well taken. *Cincinnati Mining Co.*, 8 B. T. A. 79; *Rockwood Sprinkler Co.*, 13 B. T. A. 393; *Crystal Block Coal & Coke Co.*, 15 B. T. A. 600.

*Decision will be entered under Rule 50.*